

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FEB 2 0 2019

BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:19-CR- *11* |
| | § | (Judge *JDK/KNM*) |
| TIMMY LYNN VAUGHN | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### COUNT 1

<u>Violation</u>:  18 U.S.C. § 1014
(False Statement to Bank)

On or about March 18, 2016, in the Eastern District of Texas, defendant **Timmy Lynn Vaughn** knowingly made a material false statement for the purpose of influencing the action of Southside Bank, f/k/a First Bank & Trust East Texas, an institution the accounts of which are insured by the Federal Deposit Insurance Corporation, in connection with a line of credit in that the defendant represented that the borrower authorized the application, when in truth and in fact, as the defendant well knew, the borrower's signature was forged on the promissory note and other required documentation.

In violation of 18 U.S.C. § 1014.

## COUNT 2

<u>Violation:</u>  18 U.S.C. § 1014
(False Statement to Bank)

On or about March 29, 2016, in the Eastern District of Texas, defendant **Timmy Lynn Vaughn** knowingly made a material false statement for the purpose of influencing the action of Texas Bank and Trust, an institution the accounts of which are insured by the Federal Deposit Insurance Corporation, in connection with a commercial loan in that the defendant represented that the co-owner of pledged collateral executed a notarized deed of trust for the real property, when in truth and in fact, as the defendant well knew, the co-owner's signature was forged.

In violation of 18 U.S.C. § 1014.

## COUNT 3

<u>Violation:</u>  18 U.S.C. § 1028A
(Aggravated Identity Theft)

On or about March 18, 2016, in the Eastern District of Texas, defendant **Timmy Lynn Vaughn** did, without lawful authority, knowingly use a means of identification of another person, that is, the name of D.V., during in and relation to a felony enumerated in 18 U.S.C. § 1028A(c), that is, false statement to a federally-insured financial institution, a violation of 18 U.S.C. § 1014.

In violation of 18 U.S.C. § 1028A.

**Indictment – Page 2**

## COUNT 4

<u>Violation</u>:  18 U.S.C. § 1028A
(Aggravated Identity Theft)

On or about March 29, 2016, in the Eastern District of Texas, defendant **Timmy Lynn Vaughn** did, without lawful authority, knowingly use a means of identification of another person, that is, the name of D.V., during in and relation to a felony enumerated in 18 U.S.C. § 1028A(c), that is, false statement to a federally-insured financial institution, a violation of 18 U.S.C. § 1014.

In violation of 18 U.S.C. § 1028A.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461

As the result of committing one or more of the foregoing offenses alleged in this indictment, the defendant herein shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461:

1.   any property constituting, or derived from, and proceeds the defendant obtained, directly or indirectly, as the result of such violation(s); and

2.   any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation(s).

### Cash Proceeds:

A sum of money equal to $146,000.00 in United States currency and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by the defendant as a result of the offense(s) alleged in this indictment, for which the defendant is personally liable.

### Substitute Assets:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;
(b)   has been transferred or sold to, or deposited with a third person;
(c)   has been placed beyond the jurisdiction of the court;
(d)   has been substantially diminished in value; or
(e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendant.

Indictment – Page 4

By virtue of the commission of the offense(s) alleged in this indictment, any and

all interest the defendant has in the above-described property is vested in the United

States and hereby forfeited to the United States pursuant to 18 U.S.C. § 982(a)(2)(A) and

28 U.S.C. § 2461.

A TRUE BILL

_02/20/19_

Date:

_MF_

GRAND JURY FOREPERSON

JOSEPH D. BROWN
UNITED STATES ATTORNEY

L. Frank Coan, Jr.
Assistant United States Attorney
Bar No. 170966 (Georgia)
110 N. College, Suite 700
Tyler, Texas  75702
(903) 590-1400
(903) 590-1439 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:19-CR-____ |
| | § | (Judge _____) |
| TIMMY LYNN VAUGHN | § | |

**NOTICE OF PENALTY**

**COUNTS 1-2**

VIOLATION:            18 U.S.C. § 1014

Imprisonment for not more than 30 years; a fine of not
more than $1,000,000; a term of supervised release of
not more than 5 years.

SPECIAL ASSESSMENT:        $100.00

**COUNTS 3-4**

VIOLATION:            18 U.S.C. § 1028A

PENALTY:            Imprisonment of not less than 2 years; a fine of not
more than $250,000; and a term of supervised release
of not more than 1 year.  This sentence is to run
consecutively to any other sentence imposed.

SPECIAL ASSESSMENT:        $100.00